PEOPLE ex rel. BROWN v. TIGHE, City Magistrate.

(Supreme Court, Appellate Division, Second Department.   October 27, 1911.)

1. CRIMINAL LAW (§ 207*)—AUTHORITY TO HOLD EXAMINATION AND COMMIT ACCUSED.

A magistrate, who has no jurisdiction to issue a warrant for a criminal offense, has no jurisdiction to hold an examination of accused and commit him to custody.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 472–475; Dec. Dig. § 207.*]

2. CRIMINAL LAW (§ 207*) — PROCEEDINGS BEFORE MAGISTRATES — INSUFFICIENCY OF INFORMATION—EFFECT.

Where an information, defined by Code Cr. Proc. § 145, as an allegation made to a magistrate that a person has been guilty of a designated crime, is insufficient, it does not in itself confer jurisdiction on the magistrate to issue a warrant, nor a subpœna for the examination of witnesses to support it.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 207.*]

3. CRIMINAL LAW (§ 211*)—PROCEEDINGS BEFORE MAGISTRATES—INFORMATION—REQUISITES.

An information laid before a magistrate should fairly warrant the inference that in good faith and on reasonable grounds complainant believes that a definite crime has been committed by a person named, and suspicion is not enough; and information and belief are insufficient, unless facts are stated showing the source of information and grounds of belief.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 211.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. CRIMINAL LAW (§ 211*)—PROCEEDINGS BEFORE MAGISTRATES—INFORMATION —REQUISITES.

An information purporting to charge a violation of Penal Law (Consol. Laws 1909, c. 40) § 273, punishing an attorney guilty of deceit with intent to deceive the court, which recites facts of such a nature that they may easily have been the result of mere ignorance and stupidity, and which does not expressly state that the informant believes that the acts were done with evil intent, but which merely declares that accused had had trouble with courts in other matters, and which suggests vaguely that he was probably not acting in good faith in the matter alleged, is in itself insufficient to justify a magistrate to issue a warrant for accused's arrest.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 211.*]

5. CRIMINAL LAW (§ 212*) — PRELIMINARY PROCEEDINGS — EXAMINATION OF PROSECUTOR AND WITNESSES—STATUTORY REQUIREMENTS.

Code Cr. Proc. §§ 148–150, requiring a magistrate before whom information is laid to examine on oath the prosecutor and any witnesses he may produce, and take their depositions in writing and cause the same to be subscribed by the persons making them, etc., are jurisdictional, and a failure to cause the depositions to be signed by the witnesses deprives a magistrate of the power to issue a warrant; and subsequent proceedings, taken over accused's objections, made immediately on his being brought into court on a warrant, are without jurisdiction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 441–443; Dec. Dig. § 212.*]

Appeal from Special Term, Kings County.

Habeas corpus by the People, on the relation of Max Brown, against James G. Tighe, a Magistrate of the City of New York. From an order dismissing the writ, relator appeals. Reversed, and writ sustained, and relator discharged from custody.

See 129 N. Y. Supp. 1140.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Max Brown, in pro. per.

Peter P. Smith, Asst. Dist. Atty. (John F. Clarke, Dist. Atty., on the brief), for respondent.

CARR, J. This is an appeal from an order made at Special Term in Kings county, dismissing a writ of habeas corpus and remanding a prisoner. The relator and appellant has been held by a magistrate in the borough of Brooklyn to answer in the court of Special Sessions on a charge of having violated section 273 of the Penal Law, which provides in part as follows:

"An attorney or counselor who (1) is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any part, * * * is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by this chapter, he forfeits to the party injured treble damages, to be recovered in a civil action."

The criminal proceedings in question were begun by the filing with a magistrate of a written information by Robert H. Elder, an assistant district attorney of Kings county. This "information" did not in express terms charge the relator with the commission of a crime. It contained a long recital of facts tending to show a violation of sec-

tion 273 of the Penal Law, and then declared on information and belief that the relator had admitted in open court, in another proceeding, that he had done the act upon which the charge of crime was based, but had done it with no evil intent or purpose. Mr. Elder in his "information" asked the magistrate's court—

"to issue its process for the examination of witnesses, to the end that an inquiry and determination may ·be had as to whether the said Maximillian Brown committed a crime, * * * and also to the end that in case the facts revealed on said inquiry should justify the same a warrant may be issued for the arrest of said Maximillian Brown that he may be dealt with according to law."

The magistrates' court issued its process and examined several witnesses under oath in support of the information; but it failed to have the depositions of any of these witnesses signed by them before the issuance of its warrant of arrest, or ever since, so far as this record appears. It issued a warrant for the arrest of said Brown, and on his being brought before the court he moved to set aside the warrant and to dismiss the proceeding on the ground that the "information" was insufficient, and on the further ground that the depositions of the witnesses produced in favor of the information had not been signed by the witnesses. This motion being denied, an examination was had, and the prisoner was held to answer. Thereupon Brown sued out a writ of habeas corpus, by which he attacked the jurisdiction of the magistrate to issue the warrant of arrest.

[1] Unless the magistrate had jurisdiction to issue the warrant, there was unquestionably no jurisdiction to hold an examination of ·the prisoner and to commit him to custody. The first point urged against jurisdiction was that the information, on its face, was not sufficient, in that it failed to show the commission of a crime and to charge Brown with being guilty thereof.

[2] An information is defined by section 145 of the Code of Criminal Procedure as follows:

"The information is the allegation made to a magistrate, that a person has been guilty of some designated crime."

Where the information laid before a magistrate is insufficient, it cannot in itself confer jurisdiction to issue a warrant nor even to issue a subpœna for the examination of witnesses in support of it. People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 79 N. E. 330, 10 L. R. A. (N. S.) 159.

[3] The question of the sufficiency of an information under the Code of Criminal Procedure has been considered with so much detail and clearness in People ex rel. Livingston v. Wyatt, ut supra, as to require no further consideration here. That court said, as to the contents of an information:

"Suspicion is not enough, and information and belief are not enough, unless facts are stated showing the source of the information and the grounds of belief. The information should fairly warrant the inference by the magistrate that in good faith and on reasonable grounds the complainant believes that a definite crime has been committed by a designated person."

[4] The essence of the crime attempted to be charged by this information was evil intent to deceive a court. The naked facts recited

in the information did not constitute a crime without such evil intent. They were of such a nature that they could easily have been the result of mere ignorance and stupidity. The informant did not state expressly that he believed these acts were done with evil intent. He merely declared that Brown had got himself into trouble with the courts in other matters, and suggested, and vaguely at that, that Brown was probably not acting in good faith in this matter. I think the information was not sufficient in itself to support a warrant of arrest. Evidently the magistrate thought so, as did the informant himself, when he asked for the examination of witnesses in support of the information. If the issuance of the warrant can be sustained, it must be on the strength of the depositions taken in support of the information.

[5] It is prescribed in section 148 of the Code of Criminal Procedure as follows:

"When an information is laid before a magistrate, of the commission of a crime, he must examine on oath the informant or prosecutor, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them."

Section 149 provides:

"The depositions must set forth the facts stated by the prosecutor and his witnesses, tending to establish the commission of the crime and the guilt of the defendant."

Section 150 provides:

"If the magistrate be satisfied therefrom that the crime complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it, he must issue a warrant of arrest."

Now, all these provisions of the statute are jurisdictional, as a magistrate has no arbitrary power to issue a warrant of arrest, but must rest his authority to do so on provisions of law. McKelvey v. Marsh, 63 App. Div. 396, 71 N. Y. Supp. 541. As before stated, the magistrate issued a warrant of arrest in this case without having caused the witnesses to sign their depositions in support of the information, although the statute expressly directed him to do so. When the defendant was brought into court on this warrant, he immediately urged this objection but was overruled. In People v. Winness, 3 N. Y. Cr. R. 89, it was held that where one had been arrested on the strength of a warrant issued upon an unsigned complaint or deposition, and made no objection at the time, and raised the point for the first time on an appeal from a judgment of conviction, he must be deemed to have waived the objection. Here, however, the objection was made in due time and there is no question of waiver.

I am of opinion that the failure to cause the depositions to be signed by the witnesses deprived the magistrate of power to issue the warrant of arrest, and that the subsequent proceedings were without jurisdiction. I recommend, therefore, that the order of the Special Term be reversed, and the writ of habeas corpus sustained, and the relator be discharged from custody with $10 costs and disbursements. All concur.