THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. HYMAN RAPOPORT, Respondent.*

Second Department, March 17, 1941.

*Henry W. Schober*, Assistant District Attorney [*Charles P. Sullivan, District Attorney*], for the appellant.

*Benjamin J. Jacobson* [*Sydney Rosenthal* with him on the brief], for the respondent.

HAGARTY, J. On the 25th day of April, 1939, the defendant was indicted for the crime of arson in the second degree, alleged to have been committed on the 10th day of April, 1934. The indictment, in anticipation of the defense of the five-year Statute of Limitations (Code Crim. Proc. § 142), contains the saving allega-

---

* Dismissing appeal, 173 Misc. 113.

tion that " Heretofore, and on or about the 6th day of April, 1939, prosecution of the crime hereinbefore alleged was duly commenced in the Felony Court of the City Magistrates' Court of the City of New York, Borough and County of Queens City and State of New York."

With the case at issue by reason of defendant's plea of not guilty, it was called for trial on the 30th day of October, 1939. During the selection of the jury, the defendant moved for dismissal of the indictment on the ground that it was barred by the Statute of Limitations. A mistrial was then declared and the learned trial judge took the motion under advisement, supplemented by an agreed statement of facts, executed by the district attorney, the attorney for the defendant and the defendant personally, on the issue as to whether or not the limitation period had been tolled. The order appealed from states that the motion to dismiss was made " in open Court " and recites the minutes of the grand jury which found the indictment, the minutes of the Magistrates' Court upon arraignment of defendant on April 6, 1939, April 17, 1939, April 19, 1939, and May 3, 1939, and the agreed statement of facts.

The agreed statement of facts discloses that the arraignment in the Magistrates' Court on April 6, 1939, was upon a so-called " short affidavit " of a police officer, averring that he had arrested defendant and another on the charge of having committed the crime of arson " which deponent verily believes the said defendants to have committed, from the fact that deponent is informed by John Tiedeman, Asst. Fire Marshal and verily believes that the said defendants did, on the 10th day of April, 1934, in the County of Queens, feloniously, with the intent to defraud, did while acting together and in concert, wilfully set fire, in the night time to premises 1616 George Street, Ridgewood, a laundry."

Although a prosecution is commenced within the meaning of the statute limiting the time for commencing a criminal action when an information is laid before a magistrate charging commission of the crime and a warrant of arrest is issued for the apprehension of the one so charged (Code Crim. Proc. § 144), the affidavit here filed was insufficient to constitute such information for the purpose of conferring jurisdiction on the court. The information contemplates a showing of facts by deposition " tending to establish the commission of the crime and the guilt of the defendant " (Code Crim. Proc. §§ 149, 145, 150). A single affidavit may be full enough to perform the function both of an information and a deposition, but it must contain the facts. In *People ex rel. Livingston* v. *Wyatt* (186 N. Y. 383, 390, 391) VANN, J., writes (p. 392):

" Suspicion is not enough, and information and belief are not enough, unless facts are stated showing the source of the information and the grounds of belief. The information should fairly warrant the inference by the magistrate that in good faith and on reasonable grounds the complainant believes that a definite crime has been committed by a designated person."

The affidavit of the police officer was barren of facts. It was to the effect that he as well as an assistant fire marshal believed the defendant guilty. It is similar in substance to that considered in *People ex rel. Farley* v. *Crane* (94 App. Div. 397), where the information was held insufficient to confer jurisdiction on the court. Under such circumstances, the writ of habeas corpus is available. (*People ex rel. Livingston* v. *Wyatt, supra,* p. 394; *People ex rel. Brown* v. *Tighe,* 146 App. Div. 491.) However, on April 19, 1939, full and complete affidavits were filed, but the five-year limitation period then had expired. After the return of the indictment on April 25, 1939, and on May 3, 1939, the complaint in the Magistrates' Court was dismissed on motion of the assistant district attorney for the reason that an indictment had been found.

We are of opinion that, since the proceedings in the Magistrates' Court were insufficient to constitute the commencement of the prosecution as of April 6, 1939, and since information complying with the statutory requirements was not filed until after the expiration of the statutory period, the indictment was properly dismissed. We are not, however, in agreement with the reason advanced by the learned county judge for his disposition of the case. He held that the proceedings had been properly instituted before the magistrate, but that there was a break in the continuity between the proceedings and the finding of the indictment, which was fatal. It is our view that, if the proceedings had been properly instituted and were pending, the fact that the subsequent action by the grand jury in returning the indictment was independent of the pending proceedings would be immaterial.

The county judge sought to have the question of law determined by this court " believing that the complete matter could be more comprehensively reviewed by our Appellate Division with a view to determining the absolutely new and original point of law which is raised herein." However, the order is not appealable. (*People* v. *Reed,* 276 N. Y. 5.) The right to appeal is statutory, and this order does not fall within the provisions of the Code of Criminal Procedure (§ 518). Concededly, the procedure did not constitute a demurrer (Code Crim. Proc. § 324), and it did not involve a motion made on the minutes of the grand jury to dismiss the indictment for insufficiency of the testimony taken before the

grand jury. The grand jury minutes were immaterial to the issue to be determined. The issues presented by the plea of not guilty to the indictment included the question as to whether or not the Statute of Limitations constituted a defense. (*People* v. *Brown*, 238 App. Div. 155.)

The appeal should be dismissed.

LAZANSKY, P. J., JOHNSTON, ADEL and TAYLOR, JJ., concur.

Appeal from order of the County Court, Queens County, dismissed.