William C. Hecht, Jr., J.
Petitioner moves pursuant to article 78 of the Civil Practice Act for an order (1) prohibiting the Surrogate’s Court of the State of New York, County of New York, and the Hon. S. Samuel Di Palco, individually and as a Surrogate of the State of. New York, from proceeding with a hearing on the alleged factual issues raised on the cross motion of the proponent, Harold A. Pensó, to strike out the petition filed on behalf of the Government of British Honduras in the *424 proceedings now pending before the said Surrogate’s Court and the said Surrogate, and (2) directing the said court and the said Surrogate to make and cause to be entered an order clearly and succinctly stating, pursuant to rule 108 of the Rules of Civil Practice, the alleged factual issues raised on the cross motion and (3) prohibiting and restraining all the respondents herein, other than the court and the said Surrogate, from taking any further proceedings in the said court or before any of the Surrogates thereof unless and until such an order has been made and entered upon the said cross motion.
It is not necessary for the consideration of the question presented by this application to detail the facts upon which this litigation is based. They are recited at length in the opinion of Surrogate Di Falco denying petitioner’s motion to intervene (Matter of Turton, 20 Misc 2d 569). An appeal was taken from that portion of the order which denied leave to intervene which resulted in an affirmance by the Appellate Division of this Department (Matter of Turton, 9 A D 2d 759). Upon application of petitioner to the Appellate Division, reargument was denied but leave to appeal to the Court of Appeals was granted (10 A D 2d 561) by an order which certified the following question: “ Whether the order of the Surrogate’s Court, New York County, entered on the 18th day of September, 1959, insofar as it was appealed from, was properly made ”.
On October 21,1960 the Court of Appeals, in a 4 to 3 decision, answered the certified question in the negative, reversed the order insofar as appealed from and granted the application of petitioner to intervene in the proceedings pending in the Surrogate’s Court of New York County (8 N Y 2d 311).
Petitioner, relying upon what it mistakenly alleges to be dicta of the Court of Appeals, argues that the issue of its capacity to sue has already been determined by that court. As I read the prevailing opinion (8 N Y 2d 311, 315), Judge Van Voorhis is simply stating the contentions of the Government of British Honduras, in order to indicate that it should at least be allowed to intervene in order to press those contentions. The three dissenting Judges concluded that those contentions were so lacking in merit that they voted to affirm the courts below in denying leave to intervene.
The prevailing opinion of the Court of Appeals explicitly stated that it was not adjudicating the merits of the Government’s claim of status. It said (p. 316): “ At this stage we are not called upon to determine whether the Surrogate lacked jurisdiction to entertain proceedings for the probate of decedent’s 1955 will, nor to decide whether, in case probate fails *425 and in default of lawful distributees, the G-overnment of British Honduras or the State of New York would be entitled to whatever personal property has a situs in New York. Neither do we now rule upon what effect probate of either will in British Honduras may or would have in New York, nor the effect in British Honduras of the probate of this will in New York State. It is sufficient that the rights of British Honduras may be affected if the will is probated in New York. The principles on which interested persons are permitted to intervene are sufficiently broad to include the Government of British Honduras as well as the Attorney-General of the State of New York (Matter of Davis, 182 N. Y. 468). Both are claiming assets of the decedent in case of intestacy. Bach is entitled to be heard and to participate in this litigation. There is no reason on account of which the Attorney-General should be a party to the litigation while the Government of British Honduras, where the decedent was and all of his descendants and beneficiaries are domiciled, should be excluded. We decide no other question than that it should he permitted to intervene.” (Italics supplied.)
In other words, the court held that the Government should be permitted to intervene in order to assert its status; not that it had already established its status. It is clear that the Surrogate still has jurisdiction to decide the issues of fact specified in his memorandum. If he decides them wrongly, petitioner has adequate remedy by appeal.
An order in the nature of prohibition, sought here, is issued not as a matter of right, but only in the sound judicial discretion of this court when there is no other remedy. Ordinarily, it is allowed to prevent an attempted exercise of asserted power by a court or judicial officer acting without jurisdiction or in excess thereof. The remedy is a preventive and not a remedial process. It is justified only in the case of extreme necessity when the grievance cannot be redressed by ordinary proceedings at law, or in equity, or by appeal (Matter of Consolidated Edison Co. v. Murtagh, 201 Misc. 244, 252, affd. 279 App. Div. 865 ; People ex rel. Livingston v. Wyatt, 186 N. Y. 383).
I find no merit in petitioner’s attack on the procedure adopted by the Surrogate in considering the proponent’s cross motion made pursuant to the provisions of rule 108 of the Buies of Civil Practice. The Surrogate in the memorandum filed by him has carefully delineated the issues on which testimony will be taken at the hearing he has ordered. There is no requirement that this disposition be incorporated in a separate order. *426 Petitioner, if he feels aggrieved by the order entered at the time the motion is decided has an adequate remedy by appeal.
Where there is ample protection by appeal as here, the extraordinary remedy of prohibition may not be invoked. “In no sense is it [prohibition] a substitute for an appeal ” (People ex rel. Livingston v. Wyatt, supra, p. 393). The motion is denied and petition is dismissed.