Chief Judge Desmond.
On this appeal there are presented questions, quite new to our court, as to the requirements of form for the sworn statements on which a search warrant may be issued, as to the quantum of proof necessary for a showing of II probable cause ” for such a warrant under the State and Federal Constitutions and title II of part YI of the Code of Criminal Procedure, and as to the area limits of premises permitted to be searched. Defendant-appellant argues two other points: as to the sufficiency of the information or pleading on which he was tried and as to the fairness of his trial. Those latter issues will be discussed at the end of this opinion.
Defendant was convicted before a New York City Magistrate of violations of sections 974 and 975 of the Penal Law (keeping a place for operating a policy game and possessing policy records) and ordered fined and imprisoned. He does not question the adequacy for establishment of guilt of the evidence produced against him at trial but rather attacks the form, the method of issuance and the sufficiency of the grounds for issu *32 anee of the search warrant under which the evidence was seized, and the seizure itself.
On the afternoon of October 17, 1961 several police officers went to a rear room of defendant Marshall’s Seventh Avenue (Manhattan) restaurant, showed defendant a search warrant and, searching defendant’s person, found on him slips of paper containing notations testified to as representing policy bets and records of amounts owed by a policy “controller” to his collectors. Defendant was then arrested. In a metal cabinet in a rear room of the restaurant other such slips were discovered. Defendant was taken to a police station but then returned to the restaurant. A basement storeroom was next opened by an officer with a key obtained from defendant’s wife. In the storeroom there was a pail containing a number of other pieces of paper, similarly marked and similarly identified by an expert as betting records. Defendant took the witness stand and admitted his ownership of the restaurant but denied that any of the papers turned up by the search had anything to do with gambling.
Before the trial defendant moved to invalidate the search warrant and the resulting search, which motion was denied after a hearing’. He renewed on the trial and renews on this appeal his objections to the warrant and to the way in which it was used.
Taking up defendant’s arguments in inverse order, we deal first with his assertion that the officers searched a larger area of the building than the warrant described. The warrant recites that there is probable cause for believing that there is located on the persons of defendant and his wife and son “ in the rear room of premises 2207 Seventh Avenue, and on the premises 2207 Seventh Avenue ” in Manhattan and known as Marshall’s Restaurant, books and papers used in playing policy and that said property is concealed on those persons ‘ ‘ and on the premises 2207 Seventh Avenue ”, etc. The command of the warrant, addressed to “ Any Peace Officer in the County of New York ”, is that such officer “make an immediate search” of defendant and his wife and son and all persons in said rear room ‘1 and on the premises ” for any and all books and papers used in policy playing. Defendant would read this document as excluding the basement from the area to be searched and as limiting *33 the search to the “ rear room ” at 2207 Seventh Avenue. The three-times used word ‘1 premises ’ ’ is more reasonably construed as meaning the whole area, including the basement storeroom used by defendant in his restaurant business. Of course, the evidence as to the basement search and its results was cumulative, anyhow.
Next, we inquire as to whether before issuance of the warrant “probable cause” was shown to the issuing Magistrate as required by the Fourth Amendment and by section 793 of the New York Code of Criminal Procedure. On the day before the search two New York City police officers came to the Magistrate with their affidavits which the Magistrate examined and as to the truth of which the officers made oath before the Magistrate who then signed the jurats. Besides his objections (hereinafter discussed) to this method of taking the proofs, defendant argues insufficiency of the affidavits as statements of 1 ‘ probable cause ’ ’ for a search. The affidavit of Detective Hodun said that 18 days earlier a “confidential informant” had told Hodun that the rear room of defendant’s restaurant at 2207 Seventh Avenue was a “ Policy Bank ”, that defendant was the “ Banker ”, that defendant’s wife and son were “ comptrollers ” of the policy operation, that male and female “ collectors ” took bets at two other described places in New York City and turned in the bets and money collected to defendant or his wife or son in defendant’s restaurant, that “ Comptroller’s Ribbons” were kept in a cabinet in the rear room of the restaurant and that the informer said that he had on numerous occasions placed policy bets with the “ collectors ” at the three places described.
The other affidavit was made by Patrolman Coy who swore that between September 29 and October 16 he had defendant’s restaurant under observation during various daytime hours, that he had many times seen four persons believed by him to be policy collectors orally accept policy plays from unknown persons who handed money to the collectors who made notations on papers and then entered defendant’s, restaurant carrying the slips of paper, went into the rear room of defendant’s restaurant, conversed with defendant in that room and then left without the slips of paper, that defendant’s wife was there in some instances and that another person believed to be defendant’s son sometimes took the money and slips from the alleged col *34 lectors. ,Coy’s affidavit contained allegations that he had verified the identity of defendant and could recognize defendant and his wife and the person believed to be defendant’s son. The patrolman’s affidavit concluded with his statement that, based on the information thus presented, there was reason to believe that gambling papers and apparatus were concealed in the rear room of the restaurant and on the persons of defendant, and his wife and the other man, that defendant was a policy banker assisted by his wife and son and that his restaurant was being used as a clearing house for policy operations.
The two affidavits established probable cause. Although the informer’s name was withheld, his information was tested by independent observations (see People v. Coffey, 12 N Y 2d 443, decided May 9,1963; Scher v. United States, 305 U. S. 251, 254; Miller v. United States, 273 F. 2d 279, cert. den. 362 U. S. 928). What Officer Coy saw and swore to was not enough for an arrest without a warrant (People v. Moore, 11 N Y 2d 271) especially since all this occurred before the 1963 amendment to section 177 of the Code of Criminal Procedure. But what had to be exhibited here was no more than probable cause for a search, that is, “reasonable ground for belief” (Brinegar v. United States, 338 U. S. 160, 175; Jones v. United States, 362 U. S. 257, 269; United States v. Heitner, 149 F. 2d 105, 106). As to search generally the Supreme Court has said: “It is enough if the apparent facts which have come to his [the officer’s] attention are sufficient, in the circumstances, to lead a reasonably discreet and prudent man to believe that liquor is illegally possessed in the automobile to be searched ” (Husty v. United States, 282 U. S. 694, 701). Probable cause exists when there is reasonable ground of suspicion supported by'facts and circumstances strong enough in themselves to warrant a cautious man in the belief that the law is being violated on the premises to be searched (Carroll v. United States, 267 U. S. 132; Dumbra v. United States, 268 U. S. 435; Aderhold v. United States, 132 F. 2d 858). It is not a matter for technical rules or tight and exact definition. The question always is: what in the common judgment of reasonable men would be regarded as good, sound cause, remembering that we seek only probable, not absolute cause 1 Only the “unreasonable” searches and the warrants signed without “ probable cause” are forbidden *35 by the Fourth Amendment. “We are concerned only with the question whether the affiant had reasonable grounds at the time of his affidavit and the issuance of the warrant for the belief that the law was being violated on the premises to be searched; and if the apparent facts set out in the affidavit are that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a warrant” (Dumbra v. United States, 268 U. S. 435, 441, supra; Henry v. United States, 361 U. S. 98, 102). Whether probable cause is present in a particular case must be determined from the facts of that case (United States v. Ramirez, 279 F. 2d 712, 714, cert, den. 364 U. S. 850). What was here shown was enough.
Appellant’s next argument and the one principally stressed by him is that the search warrant was invalid because the Magistrate issued it on affidavits only and did not take a separate “deposition”. The affidavits had been prepared in advance by the District Attorney’s office and the Magistrate, after reading them and satisfying himself that they exhibited probable cause, had the officers sign them and swear to their truth. Section 794 of the Code of Criminal Procedure as it was at the time (before its amendment by L. 1962, ch. 542, eff. July 1, 1962) read thus: “ The magistrate must, before issuing the warrant, examine, on oath, the complainant and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them.” Defendant says that this meant and required that the judicial officer besides using the affidavit mentioned in section 793 had to (under old § 794) question on oath the person on whose statements he was asked to rely and then separately take from each of those persons a “deposition”. Defendant says that “deposition” in this connection meant that the Judge must elicit from the witnesses all the facts necessary to support a warrant, that is, conduct an actual interrogation under oath in the courtroom and have that testimony taken down and signed in court. Undeniably, the language of former section 794 could support that meaning but there are a number of reasons why such a construction should not be adopted. Beading together the former series of statutes (Code Grim. Pro., §§ 792-797) suggests that the word ‘ ‘ deposition ’ ’ and the word i 1 affidavit ’ ’ *36 were used interchangeably although it is hard to understand why both were used. We note also that the identical terms are found in sections 148 and 149 of the code as to warrants of arrest. Sections 148 and 149 have been many times construed as requiring no more than an affidavit. The famous and leading-case of People ex rel. Livingston v. Wyatt (186 N. Y. 383, 390 [1906]) holds or remarks that an affidavit, if it sets forth sufficient facts, may without more authorize the issuance of a warrant of arrest (see, also, People v. Rapoport, 261 App. Div. 484; Matter of Bennett, 258 App. Div. 368; People v. Smith, 266 App. Div. 57). Generally a deposition means something-more than a sworn statement prepared elsewhere and handed to a Judge or court but it is also used in a generic sense to include affidavits, as was held in a Montana case (State v. English, 71 Mont. 343) construing Montana statutory language identical with our section 794 as it was when this warrant was issued (see, also, Black’s Law Dictionary [3d ed.], p. 560; Arnold v. State, 48 Okla. Cr. 452; Walden v. Crego’s Estate, 288 Mich. 564; People v. Robles, 117 Cal. 681; Baker v. Magrath, 106 Ga. 419).
New section 794 enacted in 1962 avoids this difficulty by requiring the Magistrate to take the affidavit or deposition of the person seeking the warrant.” (Italics supplied.) While recognizing that old section 794 presented a semantic difficulty we hold that an affidavit was sufficient under section 794 (as it was) provided, of course, that its allegations present proper cause. Many of us know that search warrants have in practice usually been issued on affidavits with the Judge making such oral inquiries as he thought appropriate. The statutory form for search warrants as set out in section 797 of the Code of Criminal Procedure recites: ‘ ‘ Proof by affidavit having- been made
Aside from the attack on the search warrant, appellant argues two other points. He says, citing section 145 of the Code of Criminal Procedure, that the complaint was defective in that it failed separately to state the facts as to alleged violation of two different sections (974 and 975) of the Penal Law. The complaint is pleaded in one count only but the allegations comprise the essential elements of violations of both sections 974 and 975. There is no showing or assertion of prejudice, surprise *37 or uncertainty. An almost identical contention was rejected by us in People v. Wolosky (12 N Y 2d 848).
Finally, defendant argues that he was unfairly treated in that his counsel was subjected to inordinate pressure by the trial court and rushed to trial without time for preparation. The record does not bear this out.
The judgment should be affirmed.
Judges Dye, Fuld, Van Voobhis, Burke, Foster and Scileppi concur.
Judgment affirmed.