2001 ME 176

**STATE of Maine**

v.

**Bruce V. MAYBERRY**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 21, 2001.

Decided: Dec. 26, 2001.

G. Steven Rowe, Attorney General, Melissa Reynolds O'Dea, Asst. Attorney General, Augusta, for State.

Bruce Vernon, Mayberry, Windham, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Bruce V. Mayberry appeals from a judgment of the Superior Court (York County, *Fritzsche, J.*) affirming a judgment of the District Court (Biddeford, *Foster, J.*) finding that he had committed a speeding violation. Mayberry contends that the District Court lacked subject matter jurisdiction because the officer who gave him the ticket failed to present it to an officer of the District Court for service in accordance with 4 M.R.S.A. § 171–A (Supp.2000) and M.R. Civ. P. 80F(b) and because the officer did not swear to its validity under oath. We disagree and affirm.

[¶ 2] The following facts are undisputed. On March 3, 1999, Officer Edmund Furtado pulled Mayberry over for driving at a

rate of eighty-one miles per hour in a sixty-five mile per hour zone. Officer Furtado filled out a violation summons and complaint (VSC) and gave a copy to Mayberry at the scene. The VSC was filed with the Violations Bureau on March 11, 1999. Mayberry contested the infraction, but the court (Biddeford, *Janelle, J.*) entered a default judgment when Mayberry failed to appear. Mayberry paid the fine under protest. Thereafter, he filed a request to set aside the default judgment and moved to dismiss the case for lack of subject matter jurisdiction on the ground that the State failed to serve the VSC properly. The court (Biddeford, *Horton, J.*) granted Mayberry's request to set aside the default, after which the court (Biddeford, *Foster, J.*) denied Mayberry's motion to dismiss and determined that he had committed the offense of speeding. Mayberry appealed to the Superior Court, which affirmed the District Court's judgment. This appeal followed.

[¶ 3] Mayberry contends that Officer Furtado failed to present the VSC to the proper officer of the District Court for service upon himself and failed to file the VSC with the Violations Bureau within five days after delivery to Mayberry pursuant to 4 M.R.S.A. § 171–A and M.R. Civ. P. 80F(b). Mayberry also contends that the VSC was insufficient because the charges were not sworn and affirmed under oath.

[¶ 4] The State contends that the officer properly served the VSC on Mayberry pursuant to 29–A M.R.S.A. § 2601 (1996) & Supp.2000, which provides an alternative method for service. According to the State, the three day delay in filing the VSC with the Violations Bureau did not deprive the court of subject matter jurisdiction and the law does not require a sworn VSC for a civil traffic infraction.

■ [¶ 5] Mayberry cites 4 M.R.S.A. § 171–A, which provides, in pertinent part:

1. **Traffic infraction.** When a complaint is made to the proper officer of the District Court charging a person with the commission of a traffic infraction the officer of the District Court shall cause to be served upon the person a Violation Summons and Complaint or other process in such form and under such circumstances as the Supreme Judicial Court shall by rule provide.

By contrast, 29–A M.R.S.A. § 2601(7) (1996) provides:

7. **Violation Summons and Complaint as summons.** The Violation Summons and Complaint, when issued or delivered to a person by a law enforcement officer or served on the person in the manner prescribed by rule of the Supreme Judicial Court, acts as an order to file written answer to the complaint on or before the date specified in the summons.

[¶ 6] The statutes cited by Mayberry and the State provide alternative methods of service for traffic infractions, as paragraphs (1) and (3) of Rule 80F(b) make clear:

(b) **Commencement of Proceeding.** A proceeding under this rule is commenced by delivery of a copy of a Violation Summons and Complaint .... Such Violation Summons and Complaint may be:

(1) filled out and delivered to defendant personally by any officer authorized to enforce the motor vehicle laws of this state who has probable cause to believe that a traffic infraction has been committed;

. . . .

(3) filled out by a prosecutor and delivered to the defendant personally .... Any Violation Summons and Complaint served as provided in this paragraph (3)

may be filed in the Violations Bureau by delivering it to the clerk ....

Officer Furtado's actions complied with the method of service articulated in 29-A M.R.S.A. § 2601(7) and M.R. Civ. P. 80F(b)(1). Service was, therefore, proper.

 [¶ 7] To accomplish service pursuant to M.R. Civ. P. 80F(b)(1) or (3), "[w]ithin 5 days after delivery to defendant, the officer shall cause the original of the Violation Summons and Complaint to be filed with the Violations Bureau." M.R. Civ. P. 80F(b). Timing provisions in statutes are not jurisdictional "unless the statute manifests a clear intent to the contrary." *Davric Me. Corp. v. Me. Harness Racing Comm'n*, 1999 ME 99, ¶ 13, 732 A.2d 289, 294 (internal quotation marks omitted); *see, e.g., State v. Clark*, 642 A.2d 159 (Me.1994) (holding there was no jurisdictional defect when a hearing on the termination of an intensive supervision sentence was not held within the time prescribed by statute).

[¶ 8] Officer Furtado filed the VSC with the Violations Bureau three days late. M.R. Civ. P. 80F(b). We conclude, however, that Officer Furtado's delay in filing the VSC did not deprive the District Court of subject matter jurisdiction because neither the statute nor the rule indicate that a failure to comply affects the court's jurisdiction.

 [¶ 9] Although Mayberry contends that the officer issuing a VSC must swear to its validity under oath, Mayberry's citations to the oath requirements of the Fourth Amendment of the United States Constitution and article I, section 5 of the Maine Constitution are inapposite because the service of the VSC did not constitute a search or seizure. In addition, the cases Mayberry cites that interpret rules and statutes involve the sufficiency of criminal, rather than civil complaints and warrants. *See, e.g., People ex rel. Livingston v.*

*Wyatt*, 186 N.Y. 383, 79 N.E. 330 (1906) (holding that an information in a criminal case must be made upon oath); *Giordenello v. United States*, 357 U.S. 480, 486–87, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958) (holding that a criminal complaint must affirmatively allege that the affiant had personal knowledge of facts giving rise to the charge). We conclude that an oath was not required by statute or constitution.

The entry is:

Judgment affirmed.