In the Matter of WILLIAM J. SHEA, Appellant, against PARTON SWIFT, a Justice of the Supreme Court, et al., Respondents.

Argued January 27, 1944; decided January 27, 1944.

*Daniel H. Prior* and *Reuben H. Kohn* for appellant. I. For the purposes of this appeal the statements of fact in the petition must be assumed to be true. II. The court is acting in excess of jurisdiction. (*Hildreth* v. *City of Troy,* 101 N. Y. 234; *People* v. *McQuade,* 110 N. Y. 284; *Matter of Pye,* 21 App.

Div. 266.) III. The facts stated in the petition showing a discharge of a prospective juror without challenge show a practice of the court in excess of jurisdiction, not only under section 239, but also under section 242 of the Code of Criminal Procedure. These two sections, with sections 240 and 241, read together contain the only methods known to the law of excusing either absolutely or limitedly prospective grand jurors from service. They are exclusive and the Court is without power to adopt any other mode. (*People* v. *Hooghkerk*, 96 N. Y. 149.) IV. If the court allowed a challenge for any of the causes set forth in subdivisions four, five or six of section 239, the court was without power to discharge absolutely the grand juror. He was still a qualified grand juror competent to take part in the consideration of every case except that case in which the court found the provisions of said subdivisions of section 239 applied to him. (*Matter of Culver Contracting Corp.* v. *Humphrey*, 268 N. Y. 26; *Windsor* v. *McVeigh*, 93 U. S. 274; *Hovey* v. *Elliott*, 145 N. Y. 126.) V. The appellant has no adequate remedy except a restraining order under article 78 of the Civil Practice Act. (*Matter of Baltimore Mail S. S. Co.* v. *Fawcett*, 269 N. Y. 379; *People ex rel. Hummel* v. *Trial Term*, 184 N. Y. 30; *People* v. *Borgstrom*, 178 N. Y. 254; *People* v. *Glen*, 173 N. Y. 395.)

*Nathaniel L. Goldstein, Attorney-General* (*Ernest B. Morris, George P. Monaghan, Harris B. Steinberg* and *Herbert Stern* of counsel), respondent. I. The rulings of the Justice presiding at the Extraordinary Term, in sustaining the People's challenges, and in other respects, were proper. (*People* v. *McGonegal*, 136 N. Y. 62; *Butler* v. *G. F., S. H. & F. E. S. R. R. Co.*, 121 N. Y. 112; *United States* v. *Jones*, 69 F. 973.) II. If the court, in the exercise of sound discretion, is satisfied that a prospective grand juror cannot act impartially and without prejudice toward the People or toward the prosecutor, such person must be excluded from the entire proceedings. III. The use by the Deputy Attorney-General of the '' lists '' of names distributed among the prospective grand jurors, that the venireman could check names of the persons with whom he was acquainted, was proper. (*Goakes* v. *City of Oneida*, 180 App. Div. 118.) IV. Prohibition will not lie in the present case,

since the court acted entirely within its jurisdiction. (*People ex rel. Childs* v. *Extraordinary Trial Term*, 228 N. Y. 463; *People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383; *Zinn* v. *District Court of Barnes County*, 17 N. Dak. 128; *People* v. *District Court*, 29 Colo. 83; *Matter of Ferry Co.*, 104 U. S. 519.)

*Per Curiam.* In this proceeding for an order of prohibition, we may not pass upon the question whether in every instance the court correctly construed the procedural provisions of the statutes or ruled correctly upon objections or challenges. A majority of the court agree that the court did not act in excess of its jurisdiction.

The majority agree, too, that the word " case " as used in subdivision 6 of section 239 of the Code of Criminal Procedure embraces an investigation like that here in question. Where challenges by the People of individual jurors for bias under subdivision 6 of section 239 are sustained the challenged jurors cannot take part in the investigation ordered by the Governor.

The order should be affirmed.

RIPPEY and CONWAY, JJ. (dissenting). On the petition here presented which, for the purpose of this proceeding we must accept as true, it is clear that the court summarily discharged grand jurors without challenge, for any of the causes set forth in the Code of Criminal Procedure, section 239, or without trial thereof. This was in violation of the applicable sections of the Code of Criminal Procedure.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, DESMOND and THACHER, JJ., concur in *Per Curiam* opinion; RIPPEY and CONWAY, JJ., dissent in memorandum.

Order affirmed.