In the Matter of HARRY BRANDENBURG, Petitioner, against COURT OF GENERAL SESSIONS OF NEW YORK COUNTY et al., Respondents.

Supreme Court, Special Term, New York County, June 13, 1947.

*Hartman, Sheridan, Tekulsky & Donoghue* for petitioner.

*Frank S. Hogan, District Attorney,* for respondents.

HAMMER, J. This motion is by the District Attorney of New York County for the dismissal of the petition on the grounds (1) of insufficiency; (2) that a review is sought of a determination in a criminal matter not involving a criminal contempt of court; (3) the Court of General Sessions has jurisdiction of the petitioner and of the indictment and it is not shown that the respondent court is proceeding or is about to proceed without or in excess of its jurisdiction; (4) the petitioner has an adequate remedy in the pending criminal proceeding and by appeal, and (5) the respondent District Attorney is performing acts within the jurisdiction of his office.

It is a settled principle of our jurisprudence that the Supreme Court, in the exercise of its equity powers or its statutory

powers under article 78 of the Civil Practice Act, will not interfere with the prosecution of a criminal action unless there is irreparable harm against which the regular processes of appeal afford no protection. (See *Matter of Shea* v. *Swift*, 292 N. Y. 116 [1944]; *Matter of Dodge* v. *Supreme Court*, 276 N. Y. 444, 450–451 [1938]; *Reed* v. *Littleton*, 275 N. Y. 150, 153, 157 [1937]; *People ex rel. Childs* v. *Extraordinary Trial Term*, 228 N. Y. 463, 468 [1920]; *People ex rel. Woodbury* v. *Hendrick*, 215 N. Y. 339 [1915]; *People ex rel. Hummell* v. *Trial Term*, 184 N. Y. 30, 32 [1906]; *Matter of Erickson* v. *Finegan*, 258 App. Div. 891 [2d Dept., 1939]; *Matter of Cooley* v. *Wilder*, 234 App. Div. 256 [4th Dept., 1932]; *Monroe Greyhound Association, Inc.*, v. *Quigley*, 130 Misc. 357, 358 [Sup. Ct., Monroe Co., 1927]; *Matter of Barber* v. *Richardson*, 176 Misc. 210, 212 [Sup. Ct., Broome Co., 1941]; *Matter of Steele* v. *Watson*, N. Y. L. J., April 5, 1945, p. 1288, col. 7 [Sup. Ct., N. Y. Co.], motion to stay trial denied N. Y. L. J., April 21, 1945, p. 1519, col. 4 [App. Div., 1st Dept.]; *Douglas* v. *Jeannette*, 319 U. S. 157, 163 [1943]; *Campbell* v. *Chase Nat. Bank of City of New York*, 5 F. Supp. 156, 166–167 [Dist. Ct., S. D. N. Y., 1933], appeal dismissed, 291 U. S. 686.)

In *People ex rel. Hummell* v. *Trial Term* (184 N. Y. 32, *supra*) defendant had moved to dismiss the indictment on the ground that he had been compelled to testify against himself before the Grand Jury. The trial court having denied the motion, the defendant — as here — sought prohibition. Holding that the defendant must await his remedy of appeal in the event of his conviction, the court said (p. 32): " The writ does not issue as a matter of right, but only in the sound discretion of the court in cases of supreme necessity where the grievance cannot be redressed by ordinary proceedings at law or in equity or by appeal."

In refusing to enjoin a threatened criminal prosecution, the court in *Reed* v. *Littleton* (1937) (275 N. Y. 150, *supra* [1937]) in language emphasizing the absence of grounds for the equitable relief here sought, declared (p. 153): " The court of equity has at times been called upon to enjoin the enforcement of a criminal prosecution. The rule has been firmly established that it will *not* ordinarily intervene to enjoin the enforcement of the law by the prosecuting officials (*Davis* v *American Society*, 75 N. Y. 362; *Delaney* v. *Flood*, 183 N. Y. 323) unless under proper circumstances there would be *irreparable injury*, and the sole question involved is one of law (*Mills Novelty Co.* v. *Sunderman*, 266 N. Y. 32) where a clear legal right to the relief

is established (*Triangle Mint Corp.* v. *Mulrooney,* 275 N. Y. 200).'' (Italics the court's.) And at page 157: '' No doubt criminal prosecutions are always annoying and may disarrange the defendants' income and finances but never, yet has this been sufficient to change the usual and customary course of prosecutions for crime.'' '

In the instant case, all of petitioner's present contentions can be reviewed on '' An appeal \* \* \* from a judgment on a conviction '' (Code Crim. Pro., § 517; see *People* v. *Nitzberg,* 289 N. Y. 523 [1943]; see, also, *People* v. *Reilley,* 224 N. Y. 90, 93–94 [1918], and *Mellon* v. *Geoghan,* 240 App. Div. 841 [2d Dept., 1933], both relied on by petitioner).

The cases relied upon by petitioner are not authority for the relief here sought. In *People* v. *Reilly* (*supra*) on appeal, a stipulation concededly made in respect of procedure at the trial, was given effect and an order reversing the judgment of conviction was affirmed. In *Mellon* v. *Geoghan* (*supra*), on authority of the *Reilly case* (*supra*), the Supreme Court denied a stay sought for violation of an alleged stipulation made in the criminal proceedings and relegated the defendant to the assertion of his claims in the criminal forum. In *Shields* v. *Utah Idaho R. R. Co.* 305 U. S. 177, 183) equitable intervention was allowed as the only means of review of an administrative order determining the petitioner-railroad's status and impending prosecution for violation of the order which involved '' peculiar difficulties '' under various interrelated statutes. *People ex rel. Bennett* v. *Laman* (277 N. Y. 368, 376) merely involved invocation by the Attorney-General of equity's power to enjoin a nuisance detrimental to public health, where the penal remedy against defendant's unlawful practice of medicine was inadequate. However, the court took occasion to emphasize (p. 382): '' It is no part of the office of equity to take over the duties of other public officers. Nor will equity sit in judgment on the criminal courts.''

It is clear that the facts alleged in the petition and also in the complaint are insufficient to warrant the relief sought and that petitioner has an adequate remedy in the proceedings in the Court of General Sessions and upon appeal. In any event, the facts alleged do not show facts which warrant either the prohibition or restraint by this court or the Court of General Sessions from the free exercise of its jurisdiction or of the District Attorney from performing acts within the jurisdiction of his office.

Accordingly, this motion is granted and the petition is dismissed.