■ In the Matter of HAROLD DUCHIN, Petitioner, v. LYNN N. PETERSON, as Nassau County Judge, Respondent.— Application, pursuant to article 78 of the Civil Practice Act, to prohibit a County Judge from proceeding with a jury trial in the County Court, Nassau County, of an indictment charging petitioner with the carnal abuse of a child and related crimes, after

the County Judge's refusal to accept petitioner's tender of his written waiver of trial by jury. Petitioner contends that he has an absolute right to waive trial by jury; and that, even if the County Judge has discretionary power to reject the waiver, the exercise of such power in the circumstances here would constitute an abuse of discretion and would seriously prejudice petitioner's right to a fair trial because of the nature of the charges and because there already has been adverse publicity. Application denied and petition dismissed. In our opinion, the remedy of prohibition is not available to petitioner. Prohibition should not issue except in cases of extraordinary circumstances or extreme necessity, and when there is no other adequate remedy (*Matter of Consolidated Edison Co.* v. *Murtagh,* 201 Misc. 244, affd. 279 App. Div. 865). The protection of petitioner's rights, on appeal, in the event of a judgment of conviction, is an adequate remedy (*People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383; *Matter of Brandenburg* v. *Court of General Sessions,* 189 Misc. 4, affd.. 272 App. Div. 1013). Presently, we do not reach the question as to whether there is an absolute right to waiver of trial by jury in a criminal case; or whether, absent such absolute right, the County Judge's rejection of the waiver is an abuse of discretion. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.