■ JOSEPH SABATINO, Appellant, v. ALICE SABATINO, Respondent.— Motion by appellant to extend time to perfect appeal, granted, on condition that appellant perfect the appeal and be ready to argue or submit it at the March Term, beginning February 27, 1961. The appeal is ordered on the calendar for said term. Motion by appellant to dispense with the printing of the exhibits granted; the original exhibits are to be submitted to the court on the argument or submission of the appeal. The record and appellant's brief must be served and filed on or before February 6, 1961. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

against petitioner with respect to said charge. Appellants claim jurisdiction over the person of petitioner, by virtue of the service upon him of a Magistrates' Court summons, and by virtue of petitioner's appearance in response to the summons. The summons was served by a New York City Sanitation Department employee, one Domroe, who had been appointed a Special Patrolman by the New York City Police Commissioner, pursuant to subdivision c of section 434a–7.0 of the Administrative Code and section 141.1 of the New York City Police Regulations. The summons had been issued in blank by the Magistrates' Court, and filled in and countersigned by Domroe. On the return of the summons, petitioner objected to the jurisdiction of the court over his person, upon the ground that subdivision c of section 434a–7.0 of the Administrative Code did not authorize the appointment of city employees as special patrolmen, since it was impossible for city employees to comply with prescribed conditions precedent to such appointment; and that Domroe, therefore, was not a legally appointed special patrolman and was not authorized to fill in, countersign, or serve the summons. Order reversed, on the law, with costs, and petition dismissed. No findings or questions of fact have been considered. Prohibition is not available to a petitioner whose rights can be adequately protected on appeal (*Matter of Brandenburg* v. *Court of General Sessions*, 189 Misc. 4, affd. 272 App. Div. 1013; *Matter of Harris Motors* v. *Klapp*, 296 N. Y. 242). The issue of the Magistrates' Courts' jurisdiction over the person of petitioner should be decided, in the first instance, in the Magistrates' Court. (*People ex rel. N. Y. Disposal Corp.* v. *Freschi*, 173 App. Div. 189.) Absent unusual circumstances, not here present, prohibition may not be granted merely because the jurisdictional question may not otherwise be reviewed until after a conviction (*Matter of Clouse*, 121 N. Y. S. 2d 136; *Reed* v. *Littleton*, 275 N. Y. 150). The Magistrates' Court should not have been prohibited from determining "whether a summons has properly been served so as to confer jurisdiction" because "the ordinary process of appeal from any judgment rendered might have secured full relief from any error" (*People ex rel. Ballin* v. *Smith*, 184 N. Y. 96, 99, 100). We decide no other question. Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur. [24 Misc 2d 864.]