Owen MgGivern, J.
This is an application for an prder prohibiting the Justices of thg Court of Special Sessions of the City of Hew Yq?k; Cpunfy of H§W York," from hearing, trying, P? determining a proceeding on an information filed in said court for lack of jurisdiction by reason of article I (| 8, gl, 8) of thg United ¡¡Ratgs Constitution and the Feeler,al Trade Commission Act,
BgBppndents crpss-niOYe to dismiss fgr Iggal insufficiency,
The Grand Jury, pn Jnng 14, 1900, returned an information naming ag defendants thg petitioners hergin, threg individuals and two corporations, Defendants pleaded not guilty thereto and the gasg is awaiting trial.
The Grand Jury charged in one count, conspiracy (Denal Law? | 580) and in 138 counts? violations of section 421 of the Penal Law,'
Defendants therein, according to the information, allegedly published? disseminated and circulated advertisements in this State of a drag product “ Begimen ” which were untrue, deceptive and misleading, Thg petition describes the substantive counts a§ referring to advertisements appearing in (a) news* papers and magazines (counts Twelfth through Twenfy*$ixtb) $ '(h) on television (counts Twenty-Seventh through One Hundred Twenty*Sgv@nth); and (c) and In seven drugstores in Hew York County (counts' One Hundred Twenty-Eighth through One Hundred and Thirty-Fourth).
*24 On January 18, 1962, petitioners made a motion in the Court of Special Sessions, before Mr. Chief Justice Mubtagh, to dismiss the information herein and every count thereof for lack of jurisdiction under the aforesaid United States constitutional provision and Federal acts, which was denied.
Petitioners state that on June 30, 1958, the Federal Trade Commission issued a complaint against petitioners and other individuals, charging them with a violation of the Federal Trade Commission Act by disseminating advertisements with respect to the drug product “ Regimen ” in commerce through newspapers, magazines, television and radio, which advertisements were false and misleading. That such proceeding is still pending. That the examination of the complaint pending before the Federal Trade Commission and the information filed in the Court •of Special Sessions show that the charges are similar respecting advertisements in public mediums of interstate commerce.
Therefore, petitioners contend Congress in the Federal Trade Commission Act has pre-empted the field with respect to regulating false and misleading advertisements in interstate commerce relating to drugs, hence the Court of Special Sessions is precluded from exercising jurisdiction of the same subject matter contained in the information.
What is attempted here is an injunction against a court having jurisdiction. In this case, petitioners seek to erase the jurisdiction to determine the charges because the facts are within Federal domain.
The jurisdictional question initially raised before the Court of Special Sessions and denied would be reviewable on appeal from a judgment of conviction, if rendered after trial of the information (People v. Markham, 114 App. Div. 387).
Prohibition is an extraordinary remedy. “ The writ of prohibition does not issue as a matter of right but in the sound discretion of the court ” (People ex rel. Cuvillier v. Hagarty, 238 N. Y. 621).
“ Prohibition is not favored by the courts, and is never issued as a matter of right, but only in a sound discretion when there is no other remedy; it is not given for the correction of errors, but only to prevent usurpation of jurisdiction, or the exercise of power in an illegal manner or beyond the jurisdiction conferred; and it will be granted only in extreme necessity when the grievance cannot be redressed by the ordinary proceedings at law, in equity, or by appeal ” (Matter of City of New York v. Maltbie, 248 App. Div. 36, 38, affd. 274 N. Y. 464). (See, also, Matter of Consolidated Edison Co. v. Murtagh, 201 Misc. 244, *25 252, affd. 279 App. Div. 865; People ex rel. Livingston v. Wyatt, 186 N. Y. 383.)
The courts “ will not interfere with the prosecution of a criminal action unless there is irreparable harm against which the regular processes of appeal afford no protection” (Matter of Brandenburg v. Court of General Sessions, 189 Misc. 4, 5, affd. 272 App. Div. 1013).
Nor can it be said herein that the question of jurisdiction is not doubtful and there is no remedy except prohibition available (Matter of Baltimore Mail S. S. Co. v. Fawcett, 269 N. Y. 379, 384).
Absent unusual circumstances, not here present, prohibition may not be granted merely because there might be a stigma of conviction and petitioners would be put to the expense and necessity of appealing from such conviction, to review the' jurisdictional question (Matter of Kenler v. Murtagh, 12 A D 2d 662).
Accordingly, the application is denied and the cross motion to dismiss is granted.