Abraham J. Gellinopp, J.
This is a motion to quash a summons issued out of the New York City Criminal Court upon the ground that ‘1 the evidence presented was insufficient for the issuance of the said summons.” It appears from the record that the summons was issued on complaint of a judgment creditor of the defendant.
The court below conducted an ex parte hearing on the “ application for summons ” which resulted in the issuance of a summons for the appearance of the defendant. No information charging a crime has as yet been filed, but there is on file a complaint alleging a violation of section 1170 of the Penal Law. The Judge of the Criminal Court therefore had the power to issue a summons notifying defendant of the pending complaint and inviting his presence to assist in the preliminary investigation (Code Grim. Pro., § 150; see City of Buffalo v. Neubeck, 209 App. Div. 386).
The minutes of the hearing below reveal that the court and the judgment creditor’s attorney discoursed on the reason for *551 the summons, with counsel stating that he had proof ‘ ‘ under oath” that defendant was in violation of section 1170 of the Penal Law. The record does not indicate that the court read any depositions. The attorney admitted that his action may be grounded in the civil law, but urged that “ Section 1170 specifically makes it a misdemeanor.” Hence, it would seem that the court accepted the conclusions of the attorney and thereupon issued the summons. It is plain, however, that the “ evidence ” before the court was not sufficient to support the issuance of an arrest warrant. (See Code Crim. Pro., §§ 148-150.)
A summons does not fulfill the function of an information (see People v. James, 4 N Y 2d 482; People v. Scott, 3 N Y 2d 148); yet, to warrant the issuance of a summons, some facts, albeit slight, ought to be before the court, in order that the court be in a position to determine if in fact a crime has been committed.
An application for a summons in a criminal case is not unusual. However, where the summons is sought as a device to induce settlement of a judgment (cf. Matter of Hart, 131 App. Div. 661), more than a cursory inquiry to ascertain the facts warranting the issuance of a summons is proper (People ex rel. Livingston v. Wyatt, 186 N. Y. 383). Nevertheless, this court has no power to compel the Criminal Court to issue a summons, nor may it prohibit the issuance of a summons (Code Crim. Pro., § 150; cf. Matter of Restivo v. Degnan, 191 Misc. 642; Kallman v. Pisciotta, 72 N. Y. S. 2d 889; People ex rel. Papadopolis v. Flynn, 33 N. Y. S. 2d 288).
The defendant’s remedy is to make this motion in the Criminal Court (cf. Code Crim. Pro., § 813-e [motions to suppress] ; 130 A. L. ft. 327, Anno, [quashing of subpoenas]; People ex rel. Shapiro v. Keeper of City Prison, 290 N. Y. 393 [bail reductions]). Accordingly, the motion is denied.