J. Howard Bossbach, J.
Complainant is a judgment creditor of the defendant, who is a Member of Congress. She alleges that defendant, through Ms literary agent, has diverted to his wife payment from a publisher, which otherwise would go to himself. She claims that defendant cannot pay the judgment *594 and that this is a transfer of property designed to hinder, delay and defraud creditors in violation of section 1170 of the Penal Law. She asks for a summons as a means of initiating’ prosecution. We note that a prior summons had been issued to her but had lapsed because service could not be effected on defendant.
Complainant has produced sworn statements, sufficient in my opinion to justify the issuance of a summons under the test recommended by Judge Gellikoee when these same litigants brought this question" before the New York Supreme Court (40 Misc 2d 550). The granting of such a summons is a preliminary matter and is no indication as to the final outcome of any trial.
Defendant urges that his status as a Congressman makes him immune from the service of a summons in a criminal proceeding by virtue of section 6 (subd. 1) of article I of the United States Constitution. This clause provides: “ The Senators and Representatives * * * shall in all Cases, except Treason, Felony and Breach of the Peace, be privileged from Arrest during their Attendance at the Session of their respective Houses, and in going to and returning from the same ”.
Clearly defendant is immune from arrest, since Congress is now in session. It does not follow that he is immune from the service of process during this period. Thus it has been held that a Member of Congress is not immune from service of a summons in a civil case. (Long v. Ansell, 293 U. S. 76.) Mr. Justice Bbaetoeis in delivering the opinion stated (pp. 81-82): “ Senator Long contends that Article I, Section 6, Clause 1 of the Constitution, confers upon every member of Congress, while in attendance within the District, immunity in civil cases not only from arrest, but also from service of process. Neither the Senate, nor the House of Representatives, has ever asserted such a claim in behalf of its members. Clause 1 defines the extent of the immunity. Its language is exact and leaves no room for a construction which would extend the privileges beyond the terms of the grant.”
A summons in a criminal case is not an arrest. It is a forcefully worded 11 invitation to attend ’ ’. Failure to obey a summons does not automatically result in a warrant of arrest. The District Attorney or the complainant must reapply to the court for that remedy. The fact that in this case complainant could not be granted a warrant of arrest upon default of the defendant while Congress remains in session does not deprive her of her right to obtain and serve a summons during this period.
Summons is granted, returnable November 22, 1963 a date presumably after or near Congressional adjournment.