In the Matter of FRANK RICAPITO, Appellant, v. THE PEOPLE OF THE STATE OF NEW YORK et al., Respondents.— In a proceeding under article 78 of the former Civil Practice Act, against the respondents, the People, the District Attorney and the County Court of Nassau County, petitioner appeals from an order of the Supreme Court, Nassau County, dated March 14, 1963, which dismissed the petition (see opinion 38 Misc 2d 710). Order affirmed, without costs. This proceeding has a dual purpose. It is in the nature of prohibition to prevent the respondents from proceeding with the criminal prosecution in the Nassau County Court of the pending indictment against petitioner for his (first degree) assault upon his wife. It is also in the nature of mandamus to compel the transfer of the pending criminal action against petitioner from the County Court to the new Family Court (N. Y. Const., art. VI, § 13; Family Court Act [L. 1962, ch. 686, as amd., eff. Sept. 1, 1962]). Prohibition is not available to a petitioner whose rights can be adequately protected on appeal (*Matter of Harris Motors* v. *Klapp*, 296 N. Y. 242; *Matter of Kenler* v. *Murtagh*, 12 A D 2d 662; *Matter of Duchin* v. *Peterson*, 12 A D 2d 622, mot. for lv. to app. den. 9 N Y 2d 609; *Matter of Brandenburg* v. *Court of Gen. Sessions*, 189 Misc. 4, affd. 272 App. Div. 1013). There is no showing that petitioner moved in the County Court for the transfer to the Family Court, as provided in section 813 of the Family Court Act. A denial of such a motion would be a proper subject of review on appeal should there be a judgment of conviction (Code Crim. Pro., § 517; cf. *Matter of Kenler* v. *Murtagh*, supra; *Matter of Duchin* v. *Peterson*, supra; *People* v. *Duchin*, 16 A D 2d 483, affd. 12 N Y 2d 351; *Matter of Hahnl* v. *Catherwood*, 15 A D 2d 985; *Matter of Drug Research Corp.* v. *Justices of Court of Special Sessions*, 36 Misc 2d 23, affd. 18 A D 2d 968, app. dsmd. 13 N Y 2d 800). Where, as here, there are no unusual circumstances, it does not matter that the jurisdictional question may not be reviewed until after a conviction (*Kenler* v. *Murtagh*, supra; *Matter of Clouse*, 121 N. Y. S. 2d 136; *Spiegel* v. *County Court of Kings County*, 129 N. Y. S. 2d 109; *Matter of Zivin* v. *District Court, Nassau County*, 19 Misc 2d 21; cf. *Reed* v. *Littleton*, 275 N. Y. 150). As to the remedy of mandamus, we believe the action to be taken under section 813 of the Family Court Act is judicial and not ministerial. The petitioner does not seek a direction merely that the County Court act; he seeks to compel a particular determination. An article 78 proceeding does not lie to compel a judicial decision to be made in a particular way (*Matter of Gimprich* v. *Board of Educ. of City of N. Y.*, 306 N. Y. 401; *People ex rel.*

*Harris* v. *Commissioners of Land Office*, 149 N. Y. 26; *Matter of Guzzetta* v. *Carey*, 7 A D 2d 920). Further, it has been held that where one court refuses to transfer a case to another court, and where such a determination may be reviewed on appeal, mandamus is not the available remedy (*People ex rel. Goldstein* v. *Bolte*, 71 N. Y. S. 73; *People ex rel. O'Brien* v. *Bolte*, 71 N. Y. S. 74; *McGuire & Co.* v. *Vogel Co.*, 86 Misc. 19; *People ex rel. McGowan* v. *Murray*, 53 Misc. 364; *Goldman* v. *Jacobs*, 38 Misc. 781; *People ex rel. Jaffe* v. *Bolte*, 35 Misc. 53). Here, as above stated, it has not even been shown that petitioner applied to the County Court for transfer of the case. At this time, we refrain from passing upon any other questions. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.