Arthur G. Klein, J.
Petitioner, a Congressman from New York County, seeks in this article 78 proceeding an order of prohibition restraining the Criminal Court of the City of New York from proceeding against him on a complaint, and in the application before this court seeks a stay of execution of the warrant of arrest issued to compel petitioner’s attendance in that court. Respondent has not yet answered the petition, and seeks dismissal of the petition on the ground of legal insufficiency. In 1963 the complainant in the Criminal Court proceeding obtained a money judgment against petitioner in a civil action. Thereafter, during the course of proceedings supplemntary, and in aid of enforcement of that judgment, complainant allegedly ascertained the facts which constitute the basis of the Criminal Court proceeding.
The complaint asserts that petitioner herein “ did commit the crime of: Violating Section 1170 of the Penal Law of the State of New York in that with intent to defraud, hinder or delay deponent [complainant] from collecting personal property and of funds owned by defendant [petitioner herein] to which the deponent was then entitled, said defendant did instruct one, Bertha Klausner * * * to issue a corporate check in the sum of $900.00 to one Yvette Powell [petitioner’s wife] instead of having said check payable to defendant. That by reason of said act, said check w*as so issued and deponent was unable to obtain said $900.00 and was otherwise hindered, delayed, and defrauded.” A summons was issued out of the Criminal Court and a motion to quash the summons made, and denied (People v. Powell, 40 Misc 2d 550). This summons lapsed when service thereof could not be timely effected, and a second summons issued out of the Criminal Court in November, 1963 (see People v. Powell, 40 Misc 2d 593). On the return date of that summons, it was renewed due to the continued inability to effect service. Before the expiration date thereof, service was effected on November 24, 1963. In December, 1963, petitioner’s then attorney appeared in the Criminal Court and the hearing on the complaint w'as adjourned, apparently because Congress was still then in session. Thereafter, the hearing on the complaint was adjourned several times until July 8, 1964, when, upon petitioner’s failure to appear, a warrant to compel his attendance was issued; but the execution *840 of the warrant was stayed until after Congress adjourned. In September, 1964, petitioner’s attorney moved, in .the Criminal Court, for dismissal of the complaint on the grounds that it was based upon insufficient facts, as a matter of law. This motion was denied, but petitioner was granted the alternate relief then requested — that the case be set down for trial on a date when Congress was not in session. October 5, 1964, pursuant to a request made by petitioner, the case was set down for trial on October 13. Petitioner then moved, in the United States District Court for the Southern District of New York, for an order removing the case to that court. That petition was denied on November 19, 1964, one day prior to the issuance of the order to show cause by which this proceeding was initiated. On October 13, 1964, the adjourned date of the Criminal 'Court trial, petitioner failed to appear, but trial was nevertheless adjourned to November 30, 1964, apparently to allow for the determination of the removal petition.
In the order to show cause herein, petitioner asserts two bases for his application: (1) the legal insufficiency of the complaint, and (2) the failure of the respondent to examine, on oath, the complainant or any other witness prior to the issuance of the warrant and the making of the complaint, as allegedly required by section 148 of the Code of Criminal Procedure and section 41 of the Criminal Court Act of the City of New York. As to point 2, the Court of Appeals, as long ago as 1906, in People ex rel. Livingston v. Wyatt (186 N. Y. 383, 390) rejected a similar argument, and the continued vitality of the Wyatt case has been recognized by the Court of Appeals in the recent, analogous case of People v. Marshall (13 NY 2d 28, 36) wherein the court stated that “ Sections 148 and 149 [of the Code of Criminal Procedure] have been many times construed as requiring no more than an affidavit.
‘ ‘ The famous and leading case of People ex rel. Livingston v. Wyatt * * * holds or remarks that an affidavit, if it sets forth sufficient facts, may without more authorize the issuance of a warrant of arrest [citing cases].” Accordingly, determination of the merits of the respondent’s application, and of the basis, if any, for petitioner’s appllication for a stay depends upon the sufficiency of the complaint, in fact and in law, and petitioner’s “prima facie right” to use the extraordinary remedy of prohibition. The sole question now presented is whether on the facts presented the petition is legally sufficient.
An article 78 proceeding may be used to enjoin a criminal prosecution (Matter of Martinis v. Supreme Court, 20 A D *841 2d 79; Matter of Murtagh v. Leibowitz, 303 N. Y. 311). It is, however, equally clear that prohibition is an extraordinary remedy, not afforded a petitioner as a matter of right and “ not available to a petitioner whose rights can be adequately protected on appeal [citing cases]. The issue of the Magistrates’ Courts’ jurisdiction over the person of petitioner should be decided, in the first instance, in the Magistrates’ Court [citing case]. Absent unusual circumstances, not here present, prohibition may not be granted merely because the jurisdictional question may not otherwise be reviewed until after a conviction ”. (Matter of Kenler v. Murtagh, 12 A D 2d 662, 663; see, also, Reed v. Littleton, 275 N. Y. 150.) Writs of prohibition have been granted when it was proven that the prosecution was prohibited on the grounds of double jeopardy (Matter of Martinis, supra) or that the court lacked jurisdiction on the face of the complaint (Matter of Murtagh v. Leibowitz, supra). The distinction between the Murtagh case and that of Matter of Drug Research Corp. v. Justice of the Court of Special Sessions (36 Misc 2d 23, 24, affd. 18 A D 2d 968, app. dsmd. 13 N Y 2d 800) is, on its face, difficult to draw. In the last-cited case, the court at nisi prius stated that prohibition was an improper remedy for “ The jurisdictional question initially raised * * * would be reviewable on appeal from a judgment of conviction ”. The Court of Appeals, while dismissing the appeal from the decision of the Appellate Division which had affirmed the order of Special Term dismissing the petition indicated that it was sustaining the lower court’s exercise of discretion for the jurisdictional issue was questionable, and impliedly not clear as in the Murtagh case. It appears, however, to be petitioner’s argument that his status as a Congressman is a special circumstance which constitutes a sufficient basis for the sustaining of the writ as, it can be argued, the special status of petitioner in the Murtagh case constituted a sufficient special circumstance for the exercise of the court’s discretion in that case. However, this court is loath to believe that the availability of the remedy should depend upon the status of the putative defendant. Here, petitioner defaulted in appearance pursuant to a summons served. The basis for the warrant, therefore, is his failure to comply with process of the Criminal Court. He has had three opportunities to attack the complaint; utilized these opportunities and lost each. The unusual nature of the criminal charge, and the fact that that section of the Penal Law is rarely used does not mandate a finding that it could not be or that it should not be used more often. One court has already determined *842 that the facts adduced were sufficient to warrant the issuance of a summons in the Criminal Court. It was petitioner’s default which caused the issuance of the warrant. He has none but himself to blame for the fact that it is now, pursuant to a warrant, that his appearance will be required. The petitioner was served with process of the Criminal Court and defaulted. These facts are plain. At best the alleged lack of jurisdiction of the Criminal Court to act as it has is questionable, and thus not a basis for issuance of the writ under the Murtagh case (supra). To hold that now he is entitled to go two steps back, behind the warrant and the summons, and to attack the basis for the issuance of the summons requires an implicit holding that he had a right to default. This court will not so hold. Accordingly, the cross motion is granted and the petition is dismissed.