■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARTIN J. FITZPATRICK, Petitioner.— Application unanimously denied. Memorandum: The Oneida County Grand Jury returned an indictment accusing petitioner of murder in four counts. Petitioner made an application in County Court to waive a jury trial upon the ground that the indictment did not allege that the victim was a police officer who was killed in the course of performing his official duties. The court denied the motion upon the ground that the People contended that they would establish upon the trial that petitioner committed a robbery and, while fleeing therefrom, shot two peace officers who were engaged at the time in performing their duties and that, in these circumstances, it was not authorized to approve the waiver. Section 2 of article I of the Constitution provides that a jury trial may not be waived when the crime charged may be punishable by death. Under section 125.30 of the Penal Law a defendant may be sentenced to death when the victim was a peace officer who was killed in the performance of his duties. Petitioner also moved to dismiss the indictment upon the ground that the applicable homicide statutes with respect to a sentence for murder are on the face unconstitutional in that, among other things, they permit any relevant evidence not privileged to be received regardless of its admissibility under the exclusionary rules of evidence. The court held the statutes to be valid. This proceeding in the nature of prohibition instituted in this court seeks to enjoin the Oneida County Court from exceeding its authorized powers in a proceeding over which it has jurisdiction and raises the identical contentions presented in the court below. Petitioner argues that prohibition

furnishes the more effective remedy available and that there is no other adequate remedy. Upon the record, we conclude that the questions presented can be adequately reviewed on appeal. In *Matter of Hogan* v. *Court of General Sessions* (296 N. Y. 1) the court said at pages 8-9: " The remedy [prohibition] is an extraordinary one which lies within the discretion of the court. Although ordinarily employed to restrain a subordinate tribunal from entertaining a cause or proceeding over which it has no jurisdiction [cases cited], it may be exercised also to enjoin a lower court from exceeding its authorized powers in a proceeding over which it has jurisdiction. [Cases cited] The writ does not issue where the grievance can be redressed by ordinary proceedings at law or in equity or merely to prevent error which may be readily corrected on appeal." (Application for an order prohibiting Oneida County Court from proceeding with trial.) Present— Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.