## (May 30, 1975)

■ In the Matter of the STATE OF NEW YORK, Petitioner, v ANDREW G. CELLI, as Judge of Monroe County Court, et al. Respondents. (Proceeding No. 1.)—Petition unanimously dismissed, without costs. Memorandum: On October 29, 1974, the barge canal near Bushnell's Basin in the Town of Perinton, County of Monroe, ruptured, causing substantial property damage to the surrounding area. A Monroe County Grand Jury subsequently returned indictments charging petitioners with the crime of reckless endangerment of property (Penal Law, § 145.25). The indictments alleged that petitioners, in the construction of a tunnel under the canal, had created a substantial risk of damage to the property of residents in the area and had consciously disregarded it. Petitioners were arraigned on the indictments by the respondents, a Monroe County Court Judge and the Monroe County District Attorney, despite their objections that, as governmental entities, they were immune from criminal liability. Even assuming that petitioners' immunity argument is correct, this proceeding to prohibit respondents from further prosecuting the indictments is not an appropriate remedy *(Matter of Nigrone v Murtagh,* 36 NY2d 664; *Matter of State of New York v King,* NY2d 59). Prohibition is an extraordinary remedy which should not be utilized where an adequate remedy at law is available either at the trial court level or upon appeal *(Matter of State of New York v King, supra,* p 62; *Matter of Proskin v County Ct. of Albany County,* 30 NY2d 15; *Matter of Lee v County Ct. of Erie County,* 27 NY2d 432). If unsuccessful on a motion raising the issue of defendants' immunity from prosecution in the court of original jurisdiction, petitioners would have the right to appeal after a conviction (CPL 450.10). Where the original court has not had an opportunity to decide jurisdictional objections as in this case, an appellate court's assumption of authority by way of prohibition would generally be inappropriate *(Matter of Harris Motors v Klapp,* 296 NY 242, 244; *Matter of Ricapito v People,* 20 AD2d 567; *Matter of Kenler v Murtagh,* 12 AD2d 662, 663). (Article 78 proceeding for order of prohibition.) Present—Marsh, P. J., Moule, Mahoney, Del Vecchio and Witmer, JJ.

■ In the Matter of the MONROE COUNTY DIVISION OF PURE WATERS, Petitioner, v ANDREW G. CELLI, as Judge of the Monroe County Court, et al., Respondents. (Proceeding No. 2.)—Petition unanimously dismissed, without costs. Same memorandum as in *Matter of State of New York v Celli* (48 AD2d 758). (Article 78 proceeding for order of prohibition.) Present—Marsh, P. J., Moule, Mahoney, Del Vecchio and Witmer, JJ.