■ In the Matter of NORBERT VEST, an Infant, by WOLFGANG VEST, His Father, Appellant, v DARRYL D. SIMCOE, as Town Justice of the Town of Van Etten, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered May 6, 1977 in Chemung County, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78, seeking to prohibit respondent from conducting a nonjury trial in a pending criminal action. On July 19, 1976, petitioner was arrested and charged with the misdemeanor of driving while intoxicated. Subsequently, he appeared before respondent, a nonlawyer Town Justice, and demanded a jury trial, but respondent determined that, pursuant to relevant provisions of the Criminal Procedure Law (CPL 340.40, subd 7; 720.20, subd 1, par [b]), he must be tried before a single Judge without a jury because he was a youth of 17 years of age who had no prior criminal record or adjudication as a youthful offender and who was being tried for a misdemeanor in a local criminal court. Accordingly, the demand for a jury trial was denied, and petitioner commenced the instant article 78 proceeding to challenge said denial and prevent respondent from conducting a nonjury trial of the pending action. Finding that respondent's determination was proper, however, Special Term dismissed the petition, and this appeal ensued. We agree with Special Term

that the petition should be dismissed. In so ruling, however, we rely on an alternative ground and do not reach the merits of the controversy. The relief sought by petitioner, i.e., a writ of prohibition, is an extraordinary remedy which is issued only in the sound discretion of the court and which will not lie, "even if there has been an excess of jurisdiction or power" if an adequate remedy at law, such as an appeal, is available (*Matter of State of New York v King*, 36 NY2d 59, 62; see, also, *Matter of Dondi v Jones*, 40 NY2d 8). In this instance, since petitioner will be able to satisfactorily challenge on appeal his being tried without a jury before a nonlawyer Town Justice, prohibition would not be appropriate. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.