■ RICHARD P. ROSSETTIE, on Behalf of HAROLD A. YOUNG, Petitioner, v JOHN M. FINNERTY et al., as Judges of the County Court of the County of Steuben, et al., Respondents. — Application unanimously denied and petition dismissed, without costs. Memorandum: In this CPLR article 78 proceeding, defendant, through his attorney as petitioner, seeks relief in the nature of prohibition restraining respondents from further prosecution of an indictment returned by a Steuben County Grand Jury on May 29, 1981, charging him with murder, second degree, for a crime allegedly committed on March 31, 1981. He moved for dismissal of the indictment before County Court on several grounds, including the contentions that the Grand Jury returning the indictment was not properly in session under CPL 190.15 (subds 1, 2), that the Grand Jury was not properly constituted pursuant to sections 500 and 514 of the Judiciary Law, and that the indictment was facially invalid. On September 4, 1981 the court denied his motion with respect to the first two grounds. The motion with respect to the third ground is still pending. By order to show cause dated October 19, 1981, returnable November 30, 1981, defendant initiated the instant proceeding raising these same three contentions. "The extraordinary

remedy \* \* \* of prohibition \* \* \* lies only where there is a clear legal right" (*Matter of State of New York v King,* 36 NY2d 59, 62, quoted in *Matter of Haley v Darrigrand,* 64 AD2d 862, 863; see, also, *Matter of Mulvaney v Dubin,* 55 NY2d 668). Prohibition is not mandatory but may issue in the sound discretion of the court (*La Rocca v Lane,* 37 NY2d 575, 579, cert den 424 US 968) and "will not lie if there is available an adequate remedy at law, of which appeal is but one" (*Matter of State of New York v King, supra,* p 62; see *La Rocca v Lane, supra*). In the exercise of our discretion we decline to grant the relief requested. Defendant has not demonstrated that he has a clear right to relief. We note also that the issues may be raised on appeal in the event of a conviction. With respect to the contention that the Grand Jury was improperly constituted, see, particularly, *Matter of Wroblewski v Ricotta* (35 NY2d 745) and *Matter of Paciona v Marshall* (35 NY2d 289). (Article 78 — prohibition.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Schnepp, JJ.