In the Matter of JERRY R. COLF, Petitioner, v WILLIAM W. SERRA, as Allegany County Court Judge, et al., Respondents.

Fourth Department, May 21, 1982

APPEARANCES OF COUNSEL

*Lipsitz, Green, Fahringer, Roll, Schuller & James (Paul J. Cambria* of counsel), for petitioner.

*Robert Abrams, Attorney-General*, for William W. Serra, respondent.

*George F. Francis (Warren Emerson* of counsel), respondent *pro se.*

## OPINION OF THE COURT

*Per Curiam.*

We find no basis in the petition for granting the extraordinary relief of prohibition (see *Matter of State of New York v King,* 36 NY2d 59; *Matter of Rossettie v Finnerty,* 85 AD2d 928; *Matter of Haley v Darrigrand,* 64 AD2d 862).

As contradistinguished from *People ex rel. Flinn v Barr* (259 NY 104) where the successive indictments resulted from identical criminal conduct, the charges that defendant committed perjury in July, 1980 and in July, 1981

were predicated on two separate offenses based on different questions and answers before different Grand Juries and under different circumstances. This was not a resubmission of a charge based on the same criminal conduct requiring court approval under CPL 190.75 (subd 3).

The record here does not present a case of harassment through repeated attempts to obtain an indictment against a defendant based on the same occurrence or transaction which CPL 190.75 (subd 3) was designed to prevent. Defendant was not the target of the Grand Jury investigation. He was called as a witness before different Grand Juries investigating a fire and an arson reportedly committed by Frederick Joseph. (The indictment returned against Joseph in 1980 was dismissed with leave to resubmit. The 1981 Grand Jury returned an indictment against him for arson.) That charges of perjury stemming from defendant's 1980 appearance as a witness were placed against him and subsequently dismissed did not make it necessary for the District Attorney to apply to the court pursuant to CPL 190.75 (subd 3) for permission to recall defendant as a witness before a different Grand Jury and to seek a perjury indictment against him for giving untruthful answers. CPL 190.75 (subd 3) was not intended to give a perjurious witness who lies a second time before a new Grand Jury greater protection than one who is lying for the first time. A contrary rule would substantially erode the District Attorney's power to compel truthful answers from evasive or reluctant witnesses who, like defendant, have knowledge of criminal conduct and have been granted immunity.

Cases such as *Gebhard v United States* (422 F2d 281) cited in the dissent involving repetition of the same question to elicit the same false answers before the same Grand Jury are not in point.

The petition should be dismissed.

DENMAN, J. (dissenting). We respectfully dissent as we would hold that the writ is an appropriate remedy to test the jurisdictional basis of the indictment and would order that it issue to prohibit respondents from trying petitioner on this indictment.

The facts giving rise to this issue are simple and undisputed. In July, 1980 petitioner was called before the Allegany County Grand Jury which was investigating a suspected arson on January 5, 1980 which destroyed a cottage owned by Frederick Joseph on Cuba Lake. Petitioner was questioned about conversations he may have overheard among Joseph, Ron Wilson, the alleged arsonist, and Margaret Romanelli (Peggy), who apparently was living with Wilson. Petitioner, who was employed by Joseph, testified that at some point between January 2, 1980 and January 4, 1980 he was present with Joseph in the kitchen of Wilson's home; that he recalled a discussion involving payment of back rent which Wilson owed Joseph for premises in which Wilson operated a bar and the need to repair the furnace on the premises; and that he did not overhear any conversation in which the fire was planned. Petitioner was also asked about a conversation he may have had with Joseph early on the morning of January 5, 1980 at the site of the burned cottage. He testified that he had told Joseph only what the fire investigators were finding at the scene, that arson was suspected and that Joseph seemed surprised. When questioned about a conversation he had with Margaret Romanelli later that morning, he testified that Peggy had informed him that Wilson had set the fire, that Wilson had been burned, and that she wanted to talk to Joseph. Petitioner denied that he had told her anything which indicated that he had had prior knowledge of the arson but acknowledged that he had told her that he did not want to get involved. He testified further that later that day he told Joseph that Wilson had set the fire and that Peggy wanted to see him, to which Joseph gave no reply. Petitioner was also questioned about his conversations with Wilson in February after the latter was discharged from the hospital. Petitioner stated that they discussed Wilson's injuries and his recovery, but did not discuss Wilson's arrest, and petitioner told Wilson that he did not want to get involved.

After being instructed on the law regarding criminal contempt and perjury, the Grand Jury directed the District Attorney to indict petitioner for criminal contempt in the first degree but not for perjury. The District Attorney,

however, determining that the evidence would not support that charge, requested the court to dismiss the proceeding against petitioner. The Grand Jury handed down an indictment against Joseph; on his subsequent motion, the indictment was dismissed with leave to resubmit.

In July, 1981 the case against Joseph was resubmitted to a new Grand Jury. Petitioner again was called as a witness and gave essentially the same testimony with regard to the kitchen conversation between Joseph and Wilson; the conversation with Joseph at the site of the burned cottage on the morning of January 5; the conversation with Peggy Romanelli later in the morning of January 5; the subsequent conversation with Joseph that day; and the later conversation with Wilson at his home. According to respondent District Attorney, he instructed the Grand Jury on the charge of perjury in the first degree and directed its attention specifically to petitioner's denial of hearing a conversation in Wilson's kitchen regarding the burning of the cottage. Petitioner was indicted for perjury. He moved to dismiss the indictment on the ground that no order permitting resubmission of the charge had been granted by the court in violation of CPL 190.75 (subd 3). When that motion was denied, petitioner commenced the instant proceeding.

A writ of prohibition may not serve as a means of seeking collateral review of criminal proceedings. It is an extraordinary remedy which is available " 'only where there is a clear legal right and only when the body or officer "acts or threatens to act without jurisdiction in a matter over which it has no power * * * or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" ' (*Matter of Dondi v Jones,* 40 NY2d 8, 13, quoting *Matter of State of New York v King,* 36 NY2d 59, 62; *Matter of Nigrone v Murtagh,* 36 NY2d 421, 423-424; see *Matter of Vega v Bell,* 47 NY2d 543, 546-547)." (*Matter of McGinley v Hynes,* 51 NY2d 116, 122-123, cert den 450 US 918.) "Prohibition does not issue as of right, but only in the sound discretion of the court * * * In exercising this discretion, various factors are to be considered, such as the gravity of the harm caused by the excess of power, the availability or unavailability of an adequate remedy on

appeal * * * and the remedial effectiveness of prohibition if such an adequate remedy does not exist" (*Matter of Dondi v Jones,* 40 NY2d 8, 13).

We recently declined to grant prohibition in *Matter of Rossettie v Finnerty* (85 AD2d 928). Petitioner asserted that there had been a violation of statutes governing Grand Jury proceedings and moved to dismiss the indictment. The motion was denied and petitioner commenced a CPLR article 78 proceeding. We dismissed the petition because petitioner had not shown a clear right to relief and because the issue was reviewable on appeal (see, also, *Matter of State of New York v Celli,* 48 AD2d 758, affd 40 NY2d 833; *Matter of Vest v Simcoe,* 61 AD2d 869; *People v Fitzpatrick,* 34 AD2d 730, app dsmd *sub nom. Matter of Fitzpatrick v Oneida County Ct.,* 27 NY2d 742).

The availability of appellate review does not alone determine whether prohibition should lie. If an appeal, even though available, would be inadequate to prevent the harm and prohibition would furnish a more complete and efficacious remedy, prohibition may be granted (*Matter of Dondi v Jones, supra,* p 14). Petitioner urges that an appeal would be inadequate in this case and that he will be compelled to stand trial needlessly under a void indictment. CPL 190.75 (subd 3) provides: "3. When a charge has been so dismissed, it may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury. If in such case the charge is again dismissed, it may not again be submitted to a grand jury." The language of the statute is clear. A charge cannot be resubmitted after it has been dismissed by a Grand Jury unless the court, in its discretion, so directs. A violation of the section results in a void indictment as the second Grand Jury is without jurisdiction (see *People ex rel. Flinn v Barr,* 259 NY 104, 108; see, also, *People v Martin,* 71 AD2d 928, 929.) Petitioner contends that the statute evinces a strong policy against the State's harassment of individuals by successive presentations of a matter to a Grand Jury. He urges that the policy considerations are analogous to those underlying the constitutional protections against double jeopardy. Inasmuch as it is well set-

tled that prohibition lies to review double jeopardy claims and to prohibit violations of that constitutional protection (*Hall v Potoker,* 49 NY2d 501, 505, n 1; *Matter of Di Lorenzo v Murtagh,* 36 NY2d 306, 309-310; *Matter of Nolan v Court of Gen. Sessions of County of N. Y.,* 11 NY2d 114; *Matter of Cardin v Sedita,* 53 AD2d 253), prohibition should also lie to prohibit prosecution under an indictment obtained in violation of CPL 190.75 (subd 3).

In addition to that analogy, there is a line of cases which supports petitioner's claim that prohibition is the appropriate remedy to test the validity of the pending indictment and that issuance of the writ would be within the proper exercise of the court's discretion. In *Matter of Steingut v Gold* (42 NY2d 311) the court held that prohibition was appropriate to test the power of a Kings County Grand Jury to hand down an indictment alleging crimes that had been committed in New York County. There, as here, petitioners had first moved to dismiss the indictment and brought the CPLR article 78 proceeding after those motions were denied (*supra,* p 315). After first determining that the writ was an appropriate vehicle for testing the jurisdictional basis of the indictment, the court went on to hold that the Grand Jury was without jurisdiction and that the granting of the petition was proper.

In *Matter of Vega v Bell* (47 NY2d 543, *supra*) the court held that prohibition was an appropriate means for defendant to test his claim that the Grand Jury lacked power to indict a juvenile unless he was first provided a removal hearing in a local criminal court. The court then examined and ultimately rejected the substantive argument.

*Matter of Forte v Supreme Ct. of State of N. Y.* (48 NY2d 179) presented a situation in which the District Attorney had appealed pursuant to CPL 450.50 (subd 1) from a granting of defendant's suppression motion. When he lost the appeal, the District Attorney obtained a superseding indictment which defendant moved to dismiss. Trial Term refused to dismiss the indictment and petitioner commenced a special proceeding. The court held first, that prohibition was proper to test the authority of the Grand Jury and second, that CPL 450.50 (subd 2) prohibits subsequent prosecution of the same defendant on either the

same or a superseding indictment for the crimes charged in the original indictment. The argument presented by the District Attorney there is similar to that presented by the District Attorney here. He argued that CPL 450.50 (subd 2) prohibited further prosecution only of the accusatory instrument which was the subject of the appeal, but not of the charges contained therein. Thus, he continued, those crimes could be the subject of a superseding indictment. The opinion (GABRIELLI, J.) held that such a reading would defeat the legislative intent behind the statute, i.e., to terminate all proceedings on the accusatory instrument following an unsuccessful appeal, and suggested that it would convert the statutory scheme into "something of a charade".

The District Attorney here contends, and the majority agrees, that the perjury which is the subject of this indictment is based on testimony which is discrete from that on which the former Grand Jury failed to indict because it was told to a separate Grand Jury. That reasoning is reminiscent of the argument proffered in *People ex rel. Flinn v Barr* (259 NY 104, *supra*) which involved section 270 of the Code of Criminal Procedure, the predecessor to the statute with which we are concerned. There the defendants were charged with manslaughter for the failure to install an automatic sprinkler system in a building where a fire occurred which caused the death of 10 people. When charges relating to the death of two of those persons were dismissed by the Grand Jury, indictments were sought based on the death of two other victims.

The District Attorney argued that each death was a separate crime for which he could seek a separate indictment without being obstructed by the bar of section 270. Noting that the section had been enacted "to provide a convenient check upon the practice which now prevails, of repeated applications to the Grand Jury for an indictment, where it has been already dismissed", the court stated (*supra*, p 108) that "[a]n indictment in violation of the provisions of the section is absolutely void, as a second grand jury would be acting without jurisdiction." The court went on to draw the parallel between the issue there presented and the principle against double jeopardy and

stated (p 109) "[t]he spirit embodied in that principle must have been one of the controlling influences which led to the enactment of section 270 of the Code of Criminal Procedure. If repeated trials for the same offense, with the attending expense, trouble and delay, is contrary to the spirit of our criminal law, so also is repeated submission of the same charge to different grand juries except in unusual cases when for cause shown the court in its discretion may direct a resubmission."

We believe that rationale applies with equal force to the position espoused by the majority that perjurious testimony before a second Grand Jury which is essentially the same as that before a prior Grand Jury constitutes a separate indictable offense which eludes the bar of CPL 190.75 (subd 3). A similar argument was rejected in *Gebhard v United States* (422 F2d 281) which held that repetition of the same question about the same subject eliciting the same purportedly false answers from a Grand Jury witness does not result in separate perjury counts (cf. *United States v De La Torre,* 634 F2d 792, reh den 640 F2d 385; *United States v Berardi,* 629 F2d 723, cert den 449 US 995; *Matter of Di Lorenzo v Murtagh,* 36 NY2d 306, *supra*).

One other case deserves note. *Matter of McGinley v Hynes* (51 NY2d 116, *supra*) involved a situation in which evidence with respect to a nursing home investigation was presented to a Special Grand Jury which failed to act on it. Another Grand Jury was convened a few months later and evidence dealing with the same subject matter was brought before it. The Court of Appeals reversed the Appellate Division's granting of the petition on the ground that prohibition was not available because both Grand Juries were exercising their investigative rather than their quasi-judicial functions and thus prohibition was not available to impede the executive function. The court (p 125, n 2) did not consider the issue before us.

Because CPL 190.75 (subd 3) must be interpreted strictly to carry out its remedial function (see *People ex rel. Flinn v Barr,* 259 NY 104, 108, *supra*) the section must be construed to require the District Attorney to apply to the court for resubmission in the event he seeks to charge a witness such as petitioner for perjury on testimony given to a

second Grand Jury. The District Attorney's dissatisfaction with the first Grand Jury's failure to act is insufficient reason to permit him to present the same charge to a second Grand Jury without authorization (see *People v Martin,* 71 AD2d 928, 929, *supra*). That, of course, does not mean that he could not recall petitioner as a witness to testify at the resubmission of the case against Joseph for which he had judicial approval. At the point at which he sought to charge petitioner with perjury, however, he should have applied to the court for permission. In view of the foregoing, we believe that petitioner has established a clear right to the relief requested.

Accordingly, we would grant the petition.

HANCOCK, JR., J. P., BOOMER and SCHNEPP, JJ., concur; DOERR and DENMAN, JJ., dissent and vote to grant the petition in an opinion by DENMAN, J.

Petition dismissed, without costs.